# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In re: JAMES P. HAFNER<br>SSN: xxx-xx-4908 | ) ) ) | Case No.: 17-82779-CRJ-7 |
| SUSAN D. HAFNER<br>SSN: xxx-xx-5652 | ) ) ) | Chapter 7 |
| Raymond Crumpton, | ) ) ) | |
| Plaintiff, | ) ) ) | Adversary Proceeding<br>No.: 17−80105−CRJ |
| v. | ) ) ) | |
| James Palmer Hafner, | ) ) ) | |
| Defendant. | ) | |

**MOTION FOR ABSTENTION AND STAY OF THIS PROCEEDING
TO ALLOW MOVANT TO LIQUIDATE HIS CLAIMS
AGAINST THE DEBTOR IN STATE COURT AND RETURN
TO THIS COURT TO SEEK JUDGMENT UNDER
SECTION 523 BASED ON FINDINGS AND/OR JURY
<u>VERDICT(S) OF TRIERS OF FACT IN THE STATE COURT ACTION</u>**

COMES NOW Raymond Crumpton ("Plaintiff" and "Mr. Crumpton"), a creditor in the above-styled Chapter 7 case, and respectfully represents:

### <u>Background</u>

1. On April 26, 2017, Mr. Crumpton filed a timely Complaint in the Circuit Court of Jefferson County, Alabama, seeking compensatory and punitive damages from James Palmer Hafner ("Debtor" and "Mr. Hafner") and his employer for, among other counts, the Debtor's willful and wanton actions that proximately caused a serious traffic collision.

2. On September 18, 2017, Mr. Hafner and his wife, Susan D. Hafner, filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division (the "Bankruptcy Court").

3. On December 7, 2017, Mr. Crumpton filed a timely adversary proceeding Complaint asking this Court to determine that his claims against the Debtor in the state court action should survive the Debtor's discharge under § 523 of the Bankruptcy Code.

**Jurisdiction**

4. This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Requested Relief**

6. By this motion, Mr. Crumpton requests that this Court abstain and stay this pending dischargeability proceeding. Movant contends that mandatory abstention under 28 U.S.C. § 1334(c)(2) applies or, alternatively, moves the Court to exercise its discretion and abstain under the permissive abstention provisions of 28 U.S.C. § 1334(c)(1).

7. Section 1334(c) provides as follows:

(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for state law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a state law claim or state law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

8. There is ample precedent in the Alabama Bankruptcy Courts for the relief requested in this motion. *See. e.g., In re Perfect Home L.L.C*. 231 B.R. 358, 361 (Bkrtcy. N.D.Ala., 1999); *Cassidy v. Wyeth-Ayerst Laboratories,* 42 F.Supp.2d 1260, 1263 (M.D. Ala. 1999); *In re Robino,* 243 B.R. 472, 492 (Bankr. N.D. Ala. 1999); *Hatcher v. Lloyd's of London*, 204 B.R. 227, 234 (M.D. Ala. 1997); In re Norrell, 198 B.R. 987, 994 (N.D. Ala. 1996); *In re Wedlo, Inc*., 204 B.R. 1006, 1018-1019 (Bankr. N.D. Ala. 1996); *In re Roddam*, 193 B.R. 971, 977-78 (Bankr. N.D. Ala. 1996).

9. In Mr. Crumpton's state court action, the underlying claims are entirely based on state law. They clearly can exist outside a bankruptcy proceeding because they were brought prior to the filing of the petition. *See, e.g., Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law.") (citation omitted).

10. The relief requested in the Motion is in the best interests of the Debtors' estate, their creditors, and other parties in interest as the Plaintiff's tort claims will be addressed in the most efficient forum (i.e., the state court that already has the case), and thereafter Mr. Crumpton will return to this Court to assert his AP Complaint against the Debtor for non-dischargeability of his judgment against the Debtor, if any.

11. Pursuant to Bankruptcy Rule 2002, the Plaintiff proposes to serve a copy of this Motion upon the attorneys and parties set out in the certificate of service below.

WHEREFORE, premises considered, the Plaintiff prays that this Court will enter an Order:

1. Abstaining and staying this pending dischargeability proceeding based on mandatory abstention under 28 U.S.C. § 1334(c)(2) or, alternatively, under the permissive abstention provisions of 28 U.S.C. § 1334(c)(1); and

2. Allowing Mr. Crumpton after completion of the state court action to return to this Court to assert his AP Complaint against the Debtor for non-dischargeability of his judgment against the Debtor, if any; and

3. Granting such further relief to the Plaintiff as this Court deems just and proper.

Respectfully submitted, this 13th day of December, 2017.

*/s/ Tazewell T. Shepard*
Tazewell T. Shepard III
Kevin M. Morris
Tazewell T. Shepard IV
*Attorneys to Plaintiff*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P. O. Box 19045
Huntsville, AL 35804
Tel: 256/512-9924
Fax: 256/512-9837

## CERTIFICATE OF SERVICE

This is to certify that I have served the foregoing document upon James Palmer Hafner, Debtor, 101 Misty Creek Drive, Meridianville, AL 35759; G. John Dezenberg, Attorney for the Debtor, 908 N. Memorial Parkway, Suite C, Huntsville, AL 35801; William Reeves Andrews, Attorney for Raymond Crumpton, Marsh Rickard Bryan, 800 Shades Creek Parkway, Suite 600-D, Birmingham, AL 35209; Thomas A. Wheat IV, Attorney for Nationwide, Law Office of Celeste P. Armstrong, 3000 Riverchase Galleria, Suite 900, Birmingham, AL 35244; and Richard M. Blythe, Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, AL 35602 by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

Done this 13th day of December, 2017.

*/s/ Tazewell T. Shepard*
Tazewell T. Shepard